**Ricardo FLORES-VASQUEZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-72918**

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

Ricardo Flores-Vasquez, Pro Se

Kathryn McKinney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Ricardo Flores-Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The agency found Flores-Vasquez established past persecution, but his presumption of future persecution was rebutted with evidence that Flores-Vasquez could safely and reasonably relocate within Mexico to avoid harm. Substantial evidence supports this finding. *See* 8 C.F.R. § 1208.16(b); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (internal relocation finding supported where the record showed petitioner had safely relocated from his hometown for "several months"). We reject Flores-Vasquez's contentions that the agency erred in its analysis. Thus, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of Flores-Vasquez's CAT claim

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

because Flores-Vasquez did not demonstrate it is more likely than not he would be tortured in Mexico by or with the consent or acquiescence of the government if returned. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.